515 P.2d 484 (1973)
In the Matter of the ESTATE of Margaret SOUTHWICK et al., Plaintiffs-Appellants,
v.
The FIRST NATIONAL BANK OF COLORADO SPRINGS, Defendant-Appellee.
No. 72-266.
Colorado Court of Appeals, Div. II.
October 24, 1973.
*485 Robert Dunlap and David C. Mize, Robert Dunlap, Colorado Springs, for plaintiffs-appellants.
Tarter, Tarter & Tiedt, James E. Tarter, Weldon M. Tarter, William R. Tiedt, Jon R. Sell, Colorado Springs, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Caveators appeal from a judgment rendered on a jury verdict upholding the January 19, 1967, will of Mrs. Margaret Southwick. Caveators urge that the lower court erred in admitting certain evidence of the proponents, in excluding evidence proffered by caveators, and in failing to give caveators' requested instructions to the jury. We reverse and remand for a new trial.

I
Caveators first claim that the trial court erred in admitting into evidence a Teller County district court order adjudicating the testatrix restored to competency on the basis that the order was void. On January 7, 1959, the testatrix was adjudicated incompetent in the county court of El Paso County. In 1964, the legislature transferred jurisdiction over mental health matters from the county to the district courts. See 1965 Perm.Supp., C.R.S.1963, 71-1-34. On January 31, 1967, the testatrix was adjudicated as being restored to competency in the district court of Teller County by order of a Judge of the Fourth Judicial District, which district includes both Teller and El Paso Counties.
1971 Perm.Supp., C.R.S.1963, 71-1-26, provides:
"If any reputable person shall file in the court by which a person has been adjudicated mentally ill or mentally deficient, a written petition setting forth that the adjudicated respondent is no longer mentally ill . . ."
Caveators argue that the order adjudicating Mrs. Southwick restored to competency is void because it was not initiated in the District Court of El Paso County, and that the decree is therefore not competent evidence of Mrs. Southwick's restoration to competency. We agree.
*486 The transfer of jurisdiction from the county to the district court in 1964 did not change the traditionally local nature of competency proceedings. The legislation did not diminish the continuing significance of county lines. The in personam jurisdiction of the district court in incompetency proceedings is based upon the physical presence of the allegedly incompetent person in the county wherein the district court sits. 1965 Perm.Supp., C.R.S. 1963, 71-1-5. In a proper case, the proceeding may be transferred to the respondent's county of residence. 1965 Perm. Supp., C.R.S.1963, 71-1-10. A petition for restoration is required to be filed in the court which initially adjudicated the respondent incompetent. 1971 Perm.Supp., C. R.S.1963, 71-1-26. In our view, this language refers to the district court for and sitting in the county wherein incompetency was adjudicated. The clear legislative intent of this provision is to ensure that any modification of the order of incompetency is reflected in the files of the court rendering the decree of incompetency. This intent is in conformity with the general rule that the court adjudicating a person mentally incompetent retains continuing jurisdiction over that person. See Zimmerman v. Angele, 137 Colo. 129, 321 P.2d 1105.
In initiating a new proceeding in the district court sitting in Teller County the legislative intent was contravened. In failing to comply with the requirements of 1971 Perm.Supp., C.R.S.1963, 71-1-26, the court in the restoration proceeding exceeded its statutory authority, and the decree of restoration is therefore a nullity. To rule otherwise would permit restoration proceedings in the district court of any county of Colorado in complete disregard of the legislative requirement. Because the jury may have relied on this invalid decree in concluding that the proponents met their burden of persuasion in establishing the validity of the will, we must reverse and remand for a new trial.

II
Caveators also claim that the lower court erred in denying admission of certain letters written by the testatrix. The letters were introduced for the limited purpose of buttressing the testimony of a psychiatrist regarding his opinion of the testamentary capacity of the testatrix. The letters did not form any basis for the psychiatrist's opinion. It was within the discretion of the trial court to have denied admission of these letters for this limited purpose.

III
Caveators also assign as error the exclusion of the psychiatrist's opinion as to the mental condition of the testatrix at the time of the execution of the will, based on his examination of the testatrix made seven years before the execution of the will.
Testamentary incapacity on a given day may be proven by evidence of incompetency at times prior to the date of execution. In re Fosselman's Estate, 48 Cal.2d 179, 308 P.2d 336. But in order to prove that a testator is not possessed of sufficient mental capacity to execute a valid will, evidence offered has to be calculated to establish his mental incapacity at the time of the will's execution. In re Estate of Gardner, 31 Colo.App. 361, 505 P.2d 50. Expert opinion evidence describing the mental incapacity at a time prior to the execution of the will, if not too remote in time, provides an inference, the weight of which is left to the trier of fact, that the testator continued to be incompetent at the date of the will's execution. The admissibility of such evidence is largely within the discretion of the trial court. See In re Baker's Estate, 176 Cal. 430, 168 P. 881.
Even though in the case at bar, the psychiatrist's testimony regarding the mental capacity of the testatrix at a time prior to the execution of the will was admitted into evidence without objection, it was within the sound discretion of the trial *487 judge to exclude other testimony regarding the mental condition of the testatrix at the time of the execution of the will where that testimony was based upon conclusions reached at a time too remote from the time of execution of the will. See In re Estate of Gardner, supra. We find no error in this ruling.

IV
Caveators finally urge that the trial court erred in failing to give Colorado Jury Instructions 24:13 and 24:14 pertaining to the burden of proof placed upon one who is in a confidential relationship with his benefactor. The caveators urge that the instructions were required because a confidential relationship had existed between Mrs. Southwick and Mrs. Dustin, primary beneficiary of the will, and because Mrs. Dustin actively participated in the preparation of the will.
For several years prior to her death, Mrs. Southwick lived in the home of Mrs. Dustin, and paid Mrs. Dustin for room and board and other expenses. This may provide sufficient evidence for the jury to determine that a confidential relationship existed. However, for the above instructions to be required there must be not only evidence of a confidential relationship, but evidence that the beneficiary has been actively concerned with the preparation or execution of the will. Gehm v. Brown, 125 Colo. 555, 245 P.2d 865. Caveators maintain that each time the lawyer preparing the will called or visited Mrs. Southwick at Mrs. Dustin's home, Mrs. Dustin answered or met him at the door. They contend this fact provides sufficient evidence of participation in the preparation of the will to require that the jury be instructed on the relevant law. We disagree. In Gehm v. Brown, upon which caveators place reliance, the beneficiary drew the will, secured the subscribing witnesses, and retained the will in his possession until the testatrix's death. No such participation was indicated by the evidence in the present case, and the lower court therefore did not err in refusing to give the requested instructions.
Judgment reversed and case remanded for a new trial.
SILVERSTEIN, C. J., and ENOCH, J., concur.